UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY CLARK HUBER,<br>    Plaintiff,<br><br>v.<br><br>GERHARD HUBER, HUBER INVESTMENTS LIMITED, TRIDENT TRUST COMPANY LIMITED, TRIDENT DIRECTOR SERVICES LIMITED, and STRATEGIC MANAGEMENT LIMITED,<br>    Defendants. | **Civil Action No.:** |

**VERIFIED COMPLAINT**

**Jurisdiction & Venue**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), as there is diversity between the parties and the amount in controversy exceeds $75,000.00.

2. Pursuant to 28 U.S.C. § 1391, venue is proper in the District of Massachusetts, in that a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts.

**Parties**

3. Plaintiff Amy Huber resides at 1 Gap Head Road, Rockport, Essex County, Massachusetts.

4. Defendant Gerhard Huber resides at Waldfriedhofstrasse 103, 81377, Munich, Germany; and, upon information and belief is currently living somewhere in Tokyo, Japan.

5. Defendant Huber Investment Limited is a limited liability company registered in the British Virgin Islands, and its Registered Agent is Trident Trust Company (BVI)

1

Limited located at Trident Chambers, Wickhams Cay, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

6. At all relevant times herein, Defendant Gerhard Huber was the sole shareholder and had absolute control over Defendant Huber Investments Limited.

7. Defendant Trident Trust Company Limited ("Trident Trust") is a private company registered in the Bailiwick of Jersey, with an address of 11 Bath Street, St. Helier, Jersey JE2 4ST, Channel Islands.

8. At all relevant times herein, Defendant Trident Trust was the duly elected Company Secretary of Defendant Huber Investments Limited.

9. Defendant Trident Director Services Limited is a private company registered in the Bailiwick of Jersey, with an address of 11 Bath Street, St. Helier, Jersey, JE4 8UT, Channel Islands.

10. At all relevant times herein, Defendant Trident Director Services Limited was a Director of Defendant Huber Investments Limited.

11. Defendant Strategic Management Limited is a private company registered in the Bailiwick of Jersey, with an address of 11 Bath Street, St. Helier, Jersey, JE4 8UT, Channel Islands.

12. At all relevant times herein, Defendant Strategic Management Limited was a Director of Defendant Huber Investments Limited.

13. At all relevant times herein, Defendant Trident Trust served as the Administrator for both Defendants Trident Director Services Limited and Strategic Management Limited.

14. At all relevant times herein, Defendant Trident Director Services Limited's authorized signatory, as Defendant Huber Investment's Director, was Mr. Bruce Ferguson.

15. At all relevant times herein, Defendant Strategic Management Limited's authorized signatory, as Defendant Huber Investment's Director, was Ms. Ann-Marie Crompton.

16. At all relevant times herein, Trident Trust's authorized signatories, as Defendant Huber Investment Limited's Corporate Secretary, were Mr. Bruce Ferguson and Ms. Ann-Marie Crompton.

**Facts**

17. Plaintiff Amy Huber and Defendant Gerhard Huber were married in 1988 in Salzburg, Austria.

18. Amy Huber filed for divorce from Gerhard Huber on January 30, 2018.  *See* Essex County Probate & Family Court, Docket No. ES18D0164DR.

19. Amy Huber and Gerhard Huber executed a Separation Agreement ("Sep. Agmt.") on January 16, 2019.

20. The Essex County Probate & Family Court issued a Judgment of Divorce Nisi on January 17, 2019.

21. The Essex County Probate & Family Court approved the Sep. Agmt. and incorporated it into its Judgment of Divorce Nisi, which Ordered in relevant part that the Separation Agreement "shall not merge and shall remain as an independent contract."

22. The Separation Agreement states in relevant part, under the "Divorce – Merger and Survival of Provisions" term:

> The provisions hereof shall not be merged in such judgment but shall survive the same, shall have independent legal significance and shall be forever

>  binding on the parties hereto and their respective . . . assigns . . . and other legal representatives and upon others succeeding to or standing in place of or holding under a party, whether by act of the party or by operation of law . . . .

23. The Separation Agreement is a Massachusetts contract and subject to interpretation pursuant to Massachusetts law.

24. The Separation Agreement states in relevant part:

    > [T]he courts of Massachusetts shall have exclusive jurisdiction (both subject matter and personal jurisdiction) relative to any disputes or other matters arising under or related to this Agreement so long as one or both parties resides in Massachusetts.  Each party irrevocably submits and consents to such jurisdiction . . . and each party irrevocable waives . . . (i) any objection he or she may have or hereafter have to designating the jurisdiction and venue of any action, suit or proceeding related to this Agreement and  (ii) any claim that such action, suit or proceeding has been brought in an inconvenient forum.

25. Defendant Gerhard Huber expressly consented to the courts of Massachusetts having exclusive subject matter jurisdiction and personal jurisdiction relative to disputes regarding the Sep. Agmt.

26. Defendant Gerhard Huber expressly waived any objection he may have to the courts of Massachusetts having personal jurisdiction over disputes regarding the Sep. Agmt., as well any objections he may have relating to the courts of Massachusetts being an inconvenient forum.

27. The Separation Agreement states in relevant part, under the "Closely-Held Investments" section, "[Defendant Gerhard Huber] holds 100% limited interest in Huber Investments, Ltd. . . . [which] holds title to 7 Cedar Park Garden, London, England" (hereinafter the "London Property").

28. The Separation Agreement in relevant part states "The husband shall receive [the London Property subject to his obligation to pay off the first mortgage on the [Marital

Residence at 1 Gap Head Road, Rockport, Massachusetts] (hereinafter the "Rockport Property").

29. The Separation Agreement in relevant part states "Huber Investments has retained Savills as the sales agent and Savills has listed the property for sale."

30. The Separation Agreement provides that after the London property's mortgage (£2,500,000.00) is paid off to Huber Investments Limited, Gerhard Huber must pay off the first mortgage on the Rockport Property ($560,209.00).

31. At all relevant times herein, Defendant Gerhard Huber exercised rights of and created duties and obligations for Defendant Huber Investments Limited, within the Sep. Agmt.

32. The duties and obligations which Defendant Gerhard Huber placed on Defendant Huber Investments Limited, likewise placed duties and obligations under the Sep. Agmt. on Defendants Trident Trust, Trident Director Services Limited, and Strategic Management Limited, in their respective capacities.

33. At all relevant times herein, Defendants Trident Trust, Trident Director Services Limited, and Strategic Management Limited knew of their respective duties and obligations, as discussed in the preceding paragraphs.

34. The London Property sold on November 2, 2020 for £3,075,000.00 (or $4,101,911.63[1]).

35. Defendant Huber Investments Limited have provided a proposed "Completion Statement" from the sale of the London Property, and it includes the following:

| All figures shown in £ | PAYMENTS | RECEIPTS |
| --- | --- | --- |
| Sale Price of London Property | | 3,075,000.00 |

---

[1] Conversion rate as of November 30, 2020, *via* Google Finance: 1 Pound sterling = 1.33 Unites States Dollars.

| | | |
|---|---:|---:|
| Charge inclusive of VAT at 20% | 6,000.00 | |
| Telegraphic transfer inclusive of VAT at 20% x 2 | 72.00 | |
| Land Registry copying fees | 18.00 | |
| Agents commission inclusive of VAT at 20% | 55,350.00 | |
| Redemption of mortgage | 2,625,767.35 | |
| D & D Law fee in relation to Company Report - BVIs | 150.00 | |
| Trident Trust invoices | 38,060.40 | |
| Service charge apportionments from buyer | | 342.85 |
| Gregsons Fees - License | 660.00 | |
| License Fee - Conservators (from Buyer) | | 3,317.14 |
| License Fee - Conservators (Buyer) | 3,317.14 | |
| Service Charge - Cedar Park | 2,121.00 | |
| AML Search | 24.00 | |
| Fees for Legal Opinion | 2,902.40 | |
| **TOTAL** | 2,734,442.29 | 3,078,659.99 |
| **Balance due Hubert Investments Limited:** | **£344,217.70** | |

36. Defendant Huber Investments Limited is currently holding the proceeds from the sale of the London Property in escrow.

37. The amount of the proceeds from the sale of the London Property, or what remains in escrow is £380,387.65, or $510,290.03, *see supra at n.1*, which is approximately $50,000.00 less than what is provided for within the Sep. Agmt.

38. Defendants have yet to transfer any of the proceeds of this sale to Plaintiff Amy Huber in accordance with the Sep. Agmt.

39. Despite Defendant Gerhard Huber stating in the Sep. Agmt. and in his financial disclosures that the outstanding mortgage on the London Property was £2,500,000.00, it was over one hundred thousand Pounds sterling greater than that (£2,625,767.35),

6

further reducing the amount available to Plaintiff Amy Huber pursuant to the Sep. Agmt. by £125,767.35, or $167,358.00. *See supra* at n.1.

40. Defendants squandered the proceeds of the sale of the London Property, by increasing the amount of the mortgage owed to Defendant Huber Investments Limited and even intend to pay out exorbitant fees to Defendant Trident Trust, but the balance sitting in escrow is already spoken for, as Defendants are obligated to transfer the funds to the plaintiff.

41. To date, Defendant Gerhard Huber has absconded to Tokyo leaving Plaintiff Amy Huber with no recourse, other than to hire attorneys in Massachusetts and the United Kingdom in order to get what she is owed from Defendants.

42. The Separation Agreement provides for monthly payments from Defendant Gerhard Huber to Plaintiff Amy Huber in the amount of $7,000.00 until the Rockport Property's mortgage is paid off.

43. Defendant Huber has not remitted monthly payments to Plaintiff Amy Huber since October of 2019, and this payment was only for $5,000.00, for a total arrears of $93,000.00.

44. Amy Huber, pursuant to the Sep. Agmt., is entitled to 150% of the amount Defendant Gerhard owes her in the preceding paragraph, or $139,500.00.

45. Defendant Gerhard Huber failed to comply with the Sep. Agmt.'s specific terms relating to the property he owns as tenants in common with Mr. Leopold Specht, located at as 1130 Briggs Street, Dighton, Massachusetts (hereinafter the "Dighton Property").

46. Defendant's refusal to comply with the conditions of the Sep. Agmt., as it pertains to the Dighton Property, further damages Plaintiff by encumbering the title to the Rockport Property, as the Dighton Property's mortgage is still secured by the Rockport Property.

## COUNT I
### Breach of Contract
*Against all Defendants*

47. Plaintiff repeats the allegations contained in the foregoing paragraphs and expressly incorporates them herein.

48. Defendants failed to perform the conditions of the Sep. Agmt. in that they failed to use the proceeds from the sale of the London Property to pay off the mortgage of the Rockport Property in accordance with the Sep. Agmt.; despite, the Plaintiff's demands of the same.

49. Plaintiff has performed all of her conditions under the contract.

50. Plaintiff has suffered harm as a result of the defendants' breach, including interest on the moneys owed to her, late fees and principal and interest on the Rockport Property's mortgage, and other interest and fees she has incurred due to the defendants' breach.

51. The defendants are liable to the plaintiff for her damages.

## COUNT II
### Breach of Contract
*Against Defendant Gerhard Huber*

52. Plaintiff repeats the allegations contained in the foregoing paragraphs and expressly incorporates them herein.

53. Defendant Gerhard Huber failed to perform the conditions of the Sep. Agmt. in that he failed to remit monthly payments to Plaintiff Amy Huber in accordance with the Sep. Agmt.

54. Defendant Gerhard Huber failed to perform the conditions of the Sep. Agmt. in that he failed to comply with the terms relating to the Dighton Property.

55. Plaintiff has performed all of her conditions under the contract.

56. Plaintiff has suffered harm as a result of the defendants' breach, including interest on the moneys owed to her, and other interest and fees she has incurred due to the defendants' breach.

57. The defendants are liable to the plaintiff for her damages.

## COUNT III
### Conversion
*Against all Defendants*

58. Plaintiff repeats the allegations contained in the foregoing paragraphs and expressly incorporates them herein.

59. Plaintiff has demanded Defendants transfer the sale proceeds of the London Property to her pursuant to the Sep. Agmt.

60. Defendants are unlawfully retaining the funds owed to the plaintiff from the sale of the London Property.

61. Plaintiff has suffered harm, including interest on the moneys owed to her, and other interest and fees she has incurred due to the defendants' breach.

62. The defendants are liable to the plaintiff for her damages.

## Relief Sought

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against Defendants on all Counts;
B. Award Plaintiff damages in the amount of $699,709.00 (exclusive of costs, interest, and attorneys' fees);
C. Award Plaintiff her reasonable attorneys' fees pursuant to the Sep. Agmt.;
D. Award Plaintiff her costs;
E. Award Plaintiff interest;
F. Find that the amount due Plaintiff is fixed and determined together with interest, costs, and attorneys' fees;
G. Ordering Defendant Gerhard Huber to remove 1 Gap Head Road, Rockport as security on the Dighton Property's mortgage;
H. Grant the defendant such other relief as is necessary and just.

**Verification**

I, Amy Huber do hereby verify that I am familiar with the facts stated within the foregoing Verified Complaint and state that the facts stated herein are true and accurate to the best of my information and belief.

Signed under the pains and penalties of perjury this 1ˢᵗ Day of December, 2020.

_____
Amy Huber


RESPECTFULLY SUBMITTED December 1, 2020

AMY HUBER
By her counsel,

*/s/ Liam T. O'Connell*
Liam T. O'Connell, Esq.
BBO # 694477
FARRELL SMITH O'CONNELL
46 Middle Street, Second Floor
Gloucester, MA 01930
(978) 744-8918
(978) 231-8303
loconnell@fsofirm.com


*Certificate of Service*
I certify there has been
no appearance by Claimants
so there is no one to serve.

*/s/ Liam T. O'Connell*