```
                    United States District Court
                      District of Massachusetts
_____
                                    )
Amy Huber,                          )
                                    )
          Plaintiff,                )
                                    )   Civil Action No.
          v.                        )   20-12152-NMG
                                    )
Gerhard Huber, et al.,              )
                                    )
          Defendants.               )
                                    )
_____ )
```

**ORDER**

**GORTON, J.**

Plaintiff has filed an action for breach of contract arising from her divorce from defendant, Gerhard Huber. More recently she has filed ex parte motions for a temporary restraining order and attachment of property. Having considered plaintiff's pending motions and the complaint, this Court will, sua sponte, decline to exercise jurisdiction over the case pursuant to the forum selection clause in the parties' separation agreement and deny the pending motions as moot.

Although forum selection clauses do not automatically divest courts of jurisdiction, courts have discretion to "decline jurisdiction and defer to the selected forum." Lambert v. Kysar, 983 F.2d 1110, 1119 (1st Cir. 1983). The parties' separation agreement provides, in relevant part, that

>  the courts of Massachusetts shall have exclusive jurisdiction (both subject matter and personal jurisdiction) relative to any disputes or other matters arising under or related to this Agreement so long as one or both parties resides in Massachusetts.

Courts in this Circuit have interpreted the phrase "courts of Massachusetts," when used in forum selection clauses, to refer to Massachusetts state courts only rather than all courts within the geographical boundaries of the Commonwealth. See LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp., 739 F.2d 4, 7 (1st Cir. 1984) (opining that the phrase "courts of Massachusetts" was more likely intended by the parties to mean the Massachusetts state courts rather than all courts physically within the state); R. E. Moulton, Inc. v. RAC Assocs., LLC, 2009 U.S. Dist. LEXIS 114255, at *4 (D. Mass. 2009) ("The United States District Court is located in the Commonwealth, but it is not a court of the Commonwealth.").  Thus, in order to give effect to the plain meaning of that clause, this Court chooses not to exercise its jurisdiction over the pending dispute.

   For the foregoing reasons, plaintiff's complaint is **DISMISSED without prejudice** and the pending motions (Docket Nos. 8 and 10) are **DENIED** as moot.

**So ordered.**

                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge
Dated December 16, 2020